NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY JOHNSON, | No. 23-35542 |
| Plaintiff-Appellant, | D.C. Nos. 3:21-cv-00582-JR |
| v. | 3:21-cv-00685-JR |
| | 3:21-cv-00871-JR |
| THOMAS BARRY BRENNEKE, Jr.; et al., | |
| | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding

Submitted February 18, 2025[**]
San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiff-Appellant Larry Johnson,[1] proceeding pro se, appeals the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] In his opening brief, Plaintiff erroneously identifies five cases as being at issue here and lists "Michelle Hume" as another Plaintiff-Appellant. But in the three consolidated cases before the court in this appeal, Plaintiff was the sole plaintiff. The other two cases listed by Plaintiff—in which Plaintiff and Hume were co-plaintiffs—were disposed of by our court in a separate consolidated proceeding. *See*

court's dismissal of three consolidated cases filed in the District of Oregon against Defendants-Appellees. We have jurisdiction under 28 U.S.C. § 1291, and we **AFFIRM**.

Plaintiff filed several claims related to accommodations under the Federal Housing Act against many parties, including Defendants.[2] Plaintiff moved for partial summary judgment, and Defendants cross-moved for summary judgment. The Magistrate Judge recommended that the district court grant summary judgment to Defendants because, among other things, Defendants *had* provided several accommodations requested by Plaintiff; Defendants had not retaliated against Plaintiff for requesting accommodations; and Plaintiff had failed to demonstrate a nexus between his disability and certain requested accommodations. The district court adopted the Magistrate Judge's Findings and Recommendation, denied Plaintiff's request for summary judgment, and granted summary judgment to Defendants. We review the district court's grant of summary judgment de

---

*Johnson v. Guardian Mgmt.*, No. 22-35775, 2024 WL 3508053 (9th Cir. July 23, 2024) (affirming the dismissal of other claims brought by Plaintiff and Hume, as co-plaintiffs, against Defendants Guardian Management, Lisa Simonson, Kelly Paine, Thomas Barry Brenneke, Jr., Guardian Real Estate Services, and Uptown Tower Apartments). Hume was not a party to the three cases at issue in this appeal, has not filed any a brief or pleading in this appeal, and is not a party to this appeal. *See* Fed. R. Civ. P. 21; Fed. R. App. P. 3(b).

[2] All Defendants except Garrett Miles are individuals and entities involved with the ownership, management, and operation of the apartment complex in which Plaintiff resides. Miles is another resident of the apartment complex.

novo.  *See Walker v. City of Lakewood*, 272 F.3d 1114, 1122 (9th Cir. 2001).

Plaintiff's pro se Informal Opening Brief appears to argue that we should remand to the district court to address the "fundamental issue of the *nexus/connection* aspect of reasonable accommodation as a basis for *Motion(s) to Dismiss for Failure to State a Claim*."[3]  But insofar as the Magistrate Judge's recommendation relied on Plaintiff's failure to establish a nexus between the accommodations sought and Plaintiff's alleged disability, it was correct.  *See, e.g.*, *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1191 (9th Cir. 2021) ("[T]here must be a 'causal link' between the requested accommodation and the plaintiff's disability." (quoting *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1155 (9th Cir. 2003))).

Plaintiff also alleges that "during the course of this Fair Housing Act litigation concerning basic fundamental rights [Plaintiff] became ill and was hospitalized at a geriatric psychiatric hospital.  The Magistrate Court denied a stay of the proceedings despite a medical recommendation request by his medical provider." We review a district court's order denying a stay for abuse of discretion.  *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).  "A district court abuses its discretion if it 'base[s] its ruling on an erroneous

---

[3] Plaintiff's brief is difficult to understand.  Defendants argue that we "should reject the appeal for failure to develop an argument or record on appeal."  Exercising our discretion, we decline to decide the appeal on that basis.

view of the law or on a clearly erroneous assessment of the evidence.'" *Id.* (alteration in original) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

Plaintiff filed two motions requesting a stay of proceedings, the first of which was denied and the second of which was granted. We thus construe Plaintiff's claim before us regarding his request for a stay as referencing only his first (denied) request. The Magistrate Judge denied Plaintiff's request, finding that "Plaintiff's supporting materials [did] not demonstrate that a stay [was] warranted." We have reviewed those materials, and we conclude that the Magistrate Judge did not abuse her discretion in denying Plaintiff's first request for a stay.

Plaintiff identifies no other grounds for relief. And although we are "sensitive to [an appellant's] pro se status . . . , our leniency is not without limit and does not excuse [an] utter failure to provide any legal support or argument." *Ventress v. Japan Airlines*, 747 F.3d 716, 723 n.8 (9th Cir. 2014). Remand is accordingly not warranted.[4]

**AFFIRMED.**

---

[4] Plaintiff also asks that we take "judicial notice" of several cases and filings in the district court. Because Plaintiff's briefing provides no argument justifying remand even if we were to grant the request for judicial notice, Plaintiff's request for judicial notice is denied. Plaintiff's motion for a declaratory judgment (Dkt. 4) and his motion for mediation (Dkt. 7) are denied.